IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | No. 3:19-CR-503-X |
| | ) | |
| AIRUN DUNN | ) | |

## MEMORANDUM OPINION AND ORDER

By order of reference dated April 8, 2020 (doc. 26), before the Court is *Defendant Rowe-Hodges' [sic]Opposed Emergency Motion for Release and Order of House Arrest With Electronic Monitoring Pending Trial*, filed April 8, 2020 (doc. 24). Based on the relevant filings, the evidence of record in the prior detention hearing, and the applicable law, the motion is **DENIED**.

### I. BACKGROUND

Airun Dunn (Defendant) was charged by indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession with intent to distribute heroin in violation of 21 U.S.C. § 841, on September 25, 2019. (*See* doc. 1.) He was arrested in this district and made his initial appearance on September 27, 2019. (*See* doc. 7.) The Government moved to detain Defendant, and he waived his right to a detention hearing at that time. (*See* docs. 4, 6, 9.)

Defendant now seeks pretrial release to home detention due to the outbreak of coronavirus, or COVID-19 on grounds that his continued incarceration poses a grave danger to him and to the community. (*See* doc. 24 at 9-11.)

### II. 18 U.S.C. § 3142(i)

Although Defendant does not cite a basis for his motion for release, his request for release on the basis of COVID-19 appears to arise under 18 U.S.C. § 3142(i). *See United States v. Terrone*,

No. 3:19-CR-00058-RCJ-CLB, 2020 WL 1844793 (D. Nev. Apr. 10, 2020)(a defendant's concerns of heightened COVID-19 risks while incarcerated would not typically factor into an analysis of whether to reopen detention under 18 U.S.C. § 3142(f)(2), which focuses on whether conditions can be set that reasonably assure the safety of the community and appearance in court, and are more properly addressed under § 3142(i)), citing *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *5 (D. Kan. Mar. 25, 2020); *United States v. Wright,* No. 3:18-cr-635-N, 2020 WL 1694298, at *4 (N.D. Tex. Apr. 7, 2020)(same).[1]

Section 3142(i) states that after a defendant has been detained,

> the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). The defendant bears the burden to show that temporary release is necessary. *Wright,* 2020 WL 1694298, at *4, quoting *United States v. Buswell,* No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013); *United States v. Slaughter*, No. 3:18-cr-00027, 2020 WL 1685117, at *2 (S.D. Tex. Apr. 6, 2020).

Courts have noted the limited existence of authority delineating what constitutes a "compelling reason" under § 3142(i). *Id.*, quoting *Clark*, 2020 WL 1446895, at *4. Although a medical condition may suffice, relief has typically been granted only sparingly, such as where the defendant is suffering from a terminal illness or serious injuries. *Id.* at *5, citing *Clark*.

---

[1] COVID-19 is an infectious disease caused by a new virus, and its resulting respiratory complications have resulted in thousands of deaths around the world and in the United States. *See United States v. Morris,* No. 3:19-CR-573-B, 2020 WL 1694301, at *4 (N.D. Tex. Apr. 6, 2020) (citations omitted). According to the Center for Disease Control (CDC), persons with underlying medical conditions, such as heart disease, lung disease, diabetes, asthma, and obesity, are at a higher risk of developing serious COVID-19 illness. *See id.* (citations omitted). The CDC has acknowledged the particular challenges faced by correctional and detention facilities in controlling the transmission of COVID-19. *See id.* (citations omitted).

Nevertheless, requests for release in light of the COVID-19 pandemic have been considered under the "compelling reason" prong of § 3142(i). *See id.,* citing *Clark*. Courts using this approach have found that generalized COVID-19 fears and speculation are insufficient to meet this prong and have instead looked to the specificity of the defendant's concerns in order to make an individualized determination of whether temporary release is warranted. *See Terrone,* 2020 WL 1844793, citing *Clark*, 2020 WL 1446895, at *3; *United States v. Sanchez,* No. 1:19-CR-152, 2020 WL 1814159, at *3–5 (M.D. Pa. Apr. 9, 2020); *Slaughter*, 2020 WL 1685117, at *2; *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020).[2]

In this case, Defendant has presented no specific considerations relating to him. He does not allege that there is an outbreak at the facility where he is being detained. *See United States v. Aguirre-Maldonado,* No. 20-cr-53 (NEB/TNL), 2020 WL 1809180, at *2 (D. Minn. Apr. 9, 2020); *United States v. Busby*, No. 2:19-cr-143-Z-BR (N.D. Tex. Mar. 30, 2020), doc. 41 at 5. He does not allege that he has any underlying condition that makes him more susceptible to severe illness from COVID-19. *See United States v. Fason*, No. 1:11-cr-12-21, 2020 WL 1820581, at *2 (N.D. Ohio Apr. 10, 2020). Nor does he alleged that he has been exposed to anyone who is symptomatic or has been diagnosed with COVID-19. *See Wright,* 2020 WL 1694298, at *6; *United States v. Adamu*, No. (S1) 18 Cr. 601 (PGG), 2020 WL 1821717, at *5 (S.D.N.Y. Apr. 10, 2020). He does not allege that the measures in place at his detention facility are insufficient to address his generalized concerns. *See Wright,* 2020 WL 1694298, at *6, citing *United States v. Morris,* No. 3:19-CR-573-B,

---

[2]In *Clark*, the court enumerated four factors to be considered as a whole while making this determination: "(1) the original grounds for the defendant's pretrial detention; (2) the specificity of the defendant's stated COVID-19 concerns; (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others." 2020 WL 1446895, at *3. While these factors provide a useful guide, a detailed analysis of all four appears unnecessary where, as here, the defendant has presented only generalized concerns.

2020 WL 1694301, at * (N.D. Tex. Apr. 6, 2020) (citations omitted). In *Wright*, the court noted that "'[a]s for local pretrial detention facilities the Marshals Service contracts with, each has their own internal procedures as to how they are dealing with the COVID-19 virus and are following CDC guidelines to the best of their ability. Each facility has updated their intake procedures, which includes screening each new inmate for the COVID-19 symptoms, and will deny entry into their facility if an inmate demonstrates any symptoms.'" *Id.* at 6; *see also Morris,* 2020 WL 1694301, at *5 ("The United States Marshal's Office for the Northern District of Texas has confirmed that all of the facilities in which it houses federal detainees are implementing practices to protect detainees in accordance with CDC guidelines."). The government's motion also cites to the Bureau of Prisons' Coronavirus (COVID-19) Phase Two Action Plan put into place to minimize the risk of transmission of COVID-19. (See doc. 25 at 7 n. 1, citing BOP Implementing Modified Operations plan, available at https://www.bop.gov/coronavirrus/covid19 status.jsp.) Defendant's generalized concerns alone are insufficient to show a compelling reason for temporary release. *See Terrone,* 2020 WL 1844793; *Adamu*, 2020 WL 1821717, at *5; *Slaughter*, 2020 WL 1685117, at *2.

As noted, Defendant waived his right to detention hearing, so he presented no evidence to overcome the rebuttable presumption invoked by the government under § 3142(e)(2) that there are no conditions of release that can be set to assure the safety of the community or his appearance at court.[3] (*See* doc. 4.) Nor does his motion present any evidence to overcome the presumption. The indictment reflects that Defendant is charged with a drug offense for which the statutory maximum is more than ten years as well as being a felon unlawfully in possession of a firearm. (*See* doc. 1.)

---

[3]No position is taken on whether waiving a detention hearing without reservation, as Defendant did, deprives him of relief under § 3142(f)(2). *See United States v. Munguia*, No. 3:19-cr-191-B, 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020).

The government's response contends that Defendant made five different recorded sales of heroin and firearms to undercover agents, additional drugs and weapons were recovered from his home at the time of arrest, he has at least three prior felony convictions, and he has previously violated conditions of release. (*See* doc. 30 at 5-6.)

"While Defendant's concerns about the pandemic are not without merit, that alone is insufficient to warrant release without consideration of the Section 3142(g) [detention] factors." *United States v. Okhumale*, No. 3:20-cr-122-L, 2020 WL 1694297, at *6 (N.D.Tex. Apr. 7, 2020); *see also United States v. Kerr*, No. 3:19-cr-296-L, 2020 WL 1529180, at *3 (N.D. Tex. Mar. 31, 2020) ("the court cannot not release every detainee who may be at risk of contracting COVID-19, as it would then be required to release all detainees."). On this record, Defendant has not shown a compelling reason that temporary release is necessary.

### III. CONCLUSION

Defendant's motion is **DENIED**.

**SO ORDERED** on April 13, 2020.

                                                                    _____
                                                                    IRMA CARRILLO RAMIREZ
                                                                    UNITED STATES MAGISTRATE JUDGE